UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David E. Henderson,
        Plaintiff

vs                                                  Case No. C-1-08-707
                                                      (Beckwith, J)
Matthew Garretson,                   (Hogan, M.J.)
        Defendant

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss and, in the Alternative, for Sanctions (Doc. 19), and Plaintiff's Response to Order to Show Cause (Doc. 22)[1].

## BACKGROUND

Plaintiff brings this breach of contract action against Defendant alleging that funds from a multi-district litigation settlement agreement have been wrongfully withheld. Defendant seeks dismissal of this action based upon the fact that a settlement was entered into among the parties, Plaintiff signed a Release and received settlement funds in exchange for a full release of Defendant's liabilities in this and other cases. (*See* Doc. 14). On May 29, 2009, the Court ordered Plaintiff to show cause why Defendant's Motion to Dismiss should not be granted. In his Response to the Order to Show Cause, Plaintiff states that he responded to Defendant's motion shortly after the filing of such and served a copy of his response upon Defendant's attorney, Joseph Dehner, by mail. (Doc. 22). However, no such memorandum was filed with the Court, nor has Defendant acknowledged the receipt of such.

Plaintiff David E. Henderson is one of about 8,300 claimants in the Zyprexa mass tort litigation pending in the U.S. District Court for the Eastern District of New York. (Docs. 3, 6). The case is part of a multi-district litigation proceeding. Plaintiff is entitled to receive compensation in that case. However, before he can receive settlement funds, certain liens must

---

[1] Because Plaintiff had filed no response to Defendant's motion, the Court issued an Order to Show Cause on May 29, 2009 directing Plaintiff to do so. (*See* Doc. 20).

be satisfied.

The Garretson Law Firm ("TGLF") was hired by the Plaintiffs Steering Committee in the Zyprexa case to assist in obtaining reimbursements to Medicare and Medicaid agencies with respect to the plaintiffs who settled their Zyprexa claims. Defendant Matthew Garretson is the principal attorney for TGLF. Judge Weinstein oversees TGLF's work, and the Court determines the amounts to be awarded to individual plaintiffs.

TGLF does not represent any plaintiff in the Zyprexa lawsuit. Specifically, Defendant disputes that he represents Plaintiff in the Zyprexa lawsuit. TGLF's role is to serve: "(1) as court-appointed administrator of the settlement fund; and (2) as consultant to resolve Medicare and Medicaid liens under the supervision of the Court and Court-appointed special masters." (Doc. 6). Plaintiff apparently takes issue with the settlement amount he has received as well as the amount withheld to satisfy liens.

In order to receive funds, each Zyprexa plaintiff must sign a Confidential Settlement Agreement and Release negotiated on his or her behalf by the plaintiff's attorneys. Plaintiff's attorney is Thomas Shultz of the California firm of Lopez, Hodes, Milman & Skikos. Plaintiff has allegedly sued Mr. Shultz in a Texas U.S. District Court. (Doc. 3, p.2).

Defendant claims that Plaintiff received benefits related to his Zyprexa injury from Texas Medicaid, administered by the Texas Medicaid and Healthcare Partnership (TMHP), as well as benefits from the Texas Department of Aging and Disability Services (DADS). (Doc. 6). Plaintiff also received injury related benefits from Medicare. (Id.). For this reason, TGLF, as administrator withheld funds to satisfy Plaintiff's injury-related healthcare reimbursement obligations. Defendant contends that failure to do so would subject Plaintiff and Mr. Shultz to substantial penalties under the right of recovery provisions included in the Medicare Reform Act of December 2003. TGLF calculated the amount to withhold pursuant to a process which is supervised by, and approved by, the court. Defendant argues that it is unclear whether there was an additional sum withheld as a result of Plaintiff's failure to execute certain settlement-related documents or is otherwise complicated by matters where Plaintiff may have a dispute with his attorney or may be objecting to what the Court has determined he should receive.

## OPINION

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106

2

(1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

In order to establish a cause of action for legal malpractice, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall*, 674 N.E.2d 1164, 1169 (Ohio 1997). Fundamental to establishing such a claim under Ohio law is the plaintiff's duty to prove an attorney-client relationship existed which gave rise to a duty, a breach of that duty, and damages proximately caused by the breach. *Burton v. Selker*, 36 F.Supp.2d 984, 988 (N.D. Ohio 1999)(citing *Thompson v. Karr*, 4 F.Supp.2d 731, 733-34 (N.D.Ohio 1998); *Krahn v. Kinney*, 105, 538 N.E.2d 1058 (1989); *Vahila*, 674 N.E.2d 1164.

Plaintiff's Response to the Court's Order to Show Cause is largely illegible and incomprehensible. Many of Plaintiff's filings contain what can only be described as "ramblings," completely unrelated to the current action. The gist of Plaintiff's claim is that there are additional funds to which he is entitled and which have not yet been released to him. However, Plaintiff has failed to come forth with any factual basis for his legal malpractice claim against Defendant in this regard. Specifically, Plaintiff has failed to allege that any attorney-client relationship existed between himself and Defendant which would give rise to a duty, breach of that duty, and damages proximately caused by the breach. Moreover, Plaintiff has failed to identify what, if any, duty was owed him by Defendant; a breach of such duty, or that the damages which he seeks were proximately caused by said breach. Thus, Plaintiff has completely failed to show cause why Defendant's Motion to Dismiss should not be granted. Accordingly, we find that Defendant's Motion to Dismiss (Doc. 19) should be granted and Plaintiff's Complaint be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Defendant's Motion to Dismiss (Doc. 19) be GRANTED and Plaintiff's Complaint be DISMISSED

2) This case be TERMINATED upon the Court's docket.

Date: 7/29/09

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\MTNDISM\henderson.mtd.wpd

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>David E Henderson<br>P.O. Box 4203<br>El Paso, TX 79914 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4070 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

1:08cv707 (Doc. 23)